# Exhibit C

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

FOUNDED 1888
270 MADISON AVENUE
NEW YORK, NY 10016
212·545·4600

750 B STREET · SUITE 2770
SAN DIEGO, CA 92101

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
70 WEST MADISON STREET, SUITE 1400
CHICAGO, IL 60602

DANIEL TEPPER
DIRECT DIAL: (212) 545-4683
FACSIMILE: (212) 686-0114
tepper@whafh.com

January 10, 2020

**By E-Mail Only**

Craig de Recat, Esq. (Cderecat@manatt.com)
Adrianne E. Marshack, Esq. (Amarshack@manatt.com)
Matt Kanny, Esq. (Mkanny@manatt.com)
Manatt, Phelps & Phillips, LLP
695 Town Center Drive, 14th Floor
Costa, Mesa, CA 92626

> Re:   **In re Fisher-Price Rock 'n Play Sleeper Marketing, Sales Practices, and
> Products Liability Litigation**
>
> **Case No. 1:19-md-2903 (WDNY)**

Dear Counsel:

We write to address the following discovery issues which we hope can be resolved in short order without the need for expedited motion practice.

**I.      Defendants Have Not Responded to Plaintiffs' Request to Discuss Search Terms**

The Court stated in the December 23, 2019 Order (ECF 30, the "Discovery Order") that it "anticipates that the parties will move expeditiously to complete the ESI search term discussion and complete class certification discovery on the schedule which appears at paragraph H of the Initial Case Management Order." Discovery Order at 9. As you know, paragraph H of the Initial Case Management Order (ECF 12, the "CMO") provides, as relevant here, that Defendants must complete their production in response to Plaintiffs' First Request to Produce by January 15, 2020.

Given the Court's directive in the Discovery Order, on December 30, 2019, we sent you a letter identifying 13 out of the 45 search terms that we previously sent you on November 8, 2019 as bearing directly on issues relevant to class certification, reserving the right to provide Defendants with additional search terms based on our continuing review of Defendants' document production. In that correspondence, we asked you to provide us by January 3, 2020 the



WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

January 10, 2020
Page 2

search terms and/or methodology that Defendants have used or propose to use to identify the "marketing materials" as that term is used on Page 6 of the Discovery Order and which the Court ordered Defendants to produce therein, as well as the custodians whose records have been or will be searched.

Defendants' failure to respond prejudices Plaintiffs because it prevents us from assessing whether Defendants have reasonably complied with their discovery obligations.

**II.      Defendants Must Amend their Responses and Objections to Plaintiffs' Discovery Requests**

Defendants previously objected to 59 of Plaintiffs' 67 document requests on the grounds that they seek documents beyond the scope of class certification discovery. The December 23 Discovery Order provides on Page 3 that "If a document is potentially relevant to [class] certification and to merits, it is discoverable now, prior to the Class certification deadline." Accordingly, we believe it is incumbent upon Defendants to amend their Response to Plaintiffs' Amended First Request for the Production of Documents to reflect the foregoing ruling in the Discovery Order so that the record is clear for which of Plaintiffs' discovery demands Defendants will produce documents and which are the subject of Defendants' continuing objections. Plaintiffs are prejudiced by Defendants' failure to amend their discovery response because it does not give us sufficient notice about the scope of Defendants' objections or production of documents. Accordingly, please confirm that Defendants will serve amended discovery responses and objections by January 15, 2020.

**III.     Defendants Have Not Complied with the Court's Bench Orders**

Defendants have yet to comply with a number of bench orders issued by Judge Crawford at the status conference held on December 9, 2019.

*First*, addressing Defendants' argument that only those documents exchanged with the CSPC since 2018 need be produced, the Court directed Defendants to produce documents exchanged with the CPSC from 2009 to the present. *See* Transcript of Hearing held December 9, 2019 ("Tr.") at 50:2 – 14 ("**The Court:** Why don't you just produce the file from 2009 forward. … **Ms. Marshack:** Okay.")

*Second*, the Court directed Defendants to apprise Plaintiffs of the status and progress of Defendants' production of documents to Congress. *See* Tr. at 53:3-17 ("**The Court:** How about you help him out. Talk to your opposite number at Covington and just tell [Plaintiffs] the lay of the land. How far through the inquiry the committee is? How much more they're going to produce? And just write them the kind of letter that you would appreciate receiving that explains where it is. … So if you could, just be a little bit more communicative with them about where matters stand, then I think that takes that off the table. **Ms. Marshack:** Certainly, your Honor.")

*Third*, the Court directed Defendants to produce all relevant insurance policies as required by Rule 26 of the Federal Rules of Civil Procedure. *See* Tr. at 54:18 – 55:2 ("**The**

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

January 10, 2020
Page 3

**Court:** So if you'll scour the earth, make sure that you have found them all, write a letter that discloses that…has your professional standing behind it, I think that takes it off the table. **Ms. Basar:** I think under Rule 26, your Honor, they also have to produce copies. **The Court:** And produce a copy, sure. **Ms. Marshack:** And we agreed to do that in our December 2nd submission to the Court. So, hopefully that suffices.")

*Fourth*, the Court directed Defendants to apprise Plaintiffs' counsel of Defendants' document retention policies, what Defendants consider to be reasonably accessible records, and how far back Defendants can search without undue cost or burden. *See* Tr. at 56:4-23 ("**The Court:** Well, it was probably the first question that you had when you got the case and went to meet with the IT people and kind of figure out the lay of the land. That would be sort of early in your preparation. So why don't you just tell them. … So tell him what you know and what you don't know and he'll be happy. **Ms. Marshack:** Okay.") This is especially important because we cannot intelligently respond to Defendants' objections to the production of documents on the grounds of undue burden without knowing anything about Defendants' document retention policies and recordkeeping.

## IV.     Document Bates stamped FSHR0006598 is Illegible

Plaintiffs have advised Defendants several times that document Bates stamped FSHR0006598 is illegible. Defendants advised in their letter of December 20, 2019 that "in the spirit of compromise, we will investigate whether a more legible version exists and whether it can be produced."   Please advise us about the status of your investigation. We are unable to read this document even when it is enlarged.

## V.     Request to Meet and Confer Regarding Depositions

Plaintiffs believe it is prudent for the parties to meet and confer concerning the timing and logistics of depositions as soon as possible.  This is an especially pressing concern for Plaintiffs, who are parents of small children and many of them will need to take time away from work to be deposed.   Please let us know if you are available next week to discuss this.

Please respond to this letter, and provide the information in Items I, III and IV, by no later than the close of business on Tuesday, January 14, 2020. We are prepared to meet and confer with you before then on the other matters addressed in this letter at a mutually convenient time.

Very truly yours,

Daniel Tepper

cc:     Samantha Katze, Esq.
        Plaintiffs' Executive Committee
        Plaintiffs' Liaison Counsel

807694