# Exhibit D

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

FOUNDED 1888

270 MADISON AVENUE

NEW YORK, NY 10016

212-545-4600

750 B STREET - SUITE 2770
SAN DIEGO, CA 92101

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
70 WEST MADISON STREET, SUITE 1400
CHICAGO, IL 60602

DANIEL TEPPER
DIRECT DIAL: (212) 545-4683
FACSIMILE: (212) 686-0114
tepper@whafh.com

January 14, 2020

**By E-Mail Only**

Craig de Recat, Esq. (Cderecat@manatt.com)
Adrianne E. Marshack, Esq. (Amarshack@manatt.com)
Matt Kanny, Esq. (Mkanny@manatt.com)
Manatt, Phelps & Phillips, LLP
695 Town Center Drive, 14th Floor
Costa, Mesa, CA 92626

Re: **In re Fisher-Price Rock 'n Play Sleeper Marketing, Sales Practices, and Products Liability Litigation**

**Case No. 1:19-md-2903 (WDNY)**

Dear Counsel:

We write in response to your letter of earlier this afternoon. As an initial matter, we accept your proposal to meet and confer on Friday, January 17th. We are available from noon – 2 PM or from 5 – 7 PM (all Eastern time). Please advise of your preference and we will circulate information to dial in.

I. **Defendants' Failure to Timely Discuss ESI Search Terms is Prejudicial**

The Initial Case Management Order (ECF 12, the "CMO") provides that Defendants must complete their production of documents in response to Plaintiffs' First Request to Produce by January 15, 2020. We note that your proposal to meet and confer about search terms on January 17, 2020 is after this deadline. So that we may nevertheless have a productive discussion, please immediately send us Defendants' search terms and methodology so that we have enough time to adequately review them prior to the meet and confer. Notwithstanding the foregoing, Defendants are required to have produced all responsive documents in their possession, custody or control by the Court-ordered January 15th deadline. *See* Transcript of Hearing held December 9, 2019 at 58:9-14 ("**Mr. Tepper:** I'm also concerned that…not having had any color about how the documents are even maintained, I hope they'll comply with it. **The Court:** Yeah, they will.



January 14, 2020
Page 2

**Ms. Marshack:** Yes."). As noted in our previous correspondence, Defendants' failure to timely inform Plaintiffs of the methodology used by Defendants to locate potentially responsive documents is prejudicial. *See* W.D.N.Y. Local Rule 26(e)(3) ("If a party intends to employ an electronic search to locate relevant ESI, the parties shall discuss…the method of searching, and the words, terms and phrases to be searched and any restrictions to the scope and method which might affect their ability to conduct a complete electronic search of the ESI.")

## II. Defendants Must Supplement or Correct Their Discovery Responses

Defendants contend they are "under no obligation" to amend their responses and objections to amend their responses and objections to Plaintiffs' discovery requests. We refer you to Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure, which provides in relevant part that "A party who has…responded to [a] request for production…must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the…response is incomplete or incorrect, and if the…corrective information has not otherwise been made known to the other party during the discovery process or in writing." Defendants have not indicated which of their objections to Plaintiffs' requests for production they continue to maintain following the Court's order dated December 23, 2019. This information is material because without it, Plaintiffs cannot discern which of Plaintiffs' requests Defendants are withholding responsive documents on the basis of their objections. Accordingly, Defendants must inform Plaintiffs in writing about which objections to Plaintiffs' document requests Defendants continue to maintain.  Absent such information, Plaintiffs are prejudiced and Defendants are not in compliance with their obligations under the Rules.

## III. Defendants Must Comply with the Court's Bench Orders

Defendants' position that "[t]he Court did not give any indication as to when Defendants were required to do any of the things" directed from the bench at the December 9, 2020 status conference is inconsistent with Ms. Marshack's statements on the record agreeing to do them. Please refer to our letter of January 10th for the relevant citations to the transcript. Defendants' position that the Court must issue a written order before they are required to do the things they agreed to do on the record serves only to delay the proceedings. So that there is no misunderstanding, please confirm that Defendants, absent a written Order from the Court, refuse to produce documents exchanged with the CPSC from 2009 to the present, apprise Plaintiffs of the status of the Congressional production, produce all relevant insurance policies, or apprise Plaintiffs' counsel of Defendants' document retention policies.

## IV. Document Bates stamped FSHR0006598

Thank you for agreeing to produce a native copy of the spreadsheet produced to Congress. Please advise when Defendants intend to do so.

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

January 14, 2020
Page 3

### V. Meet & Confer Regarding Depositions

As previously stated, we are available between noon – 2 PM and 5 – 7 PM Eastern on your proposed date of January 17, 2020.

Thank you for your attention to these matters. All rights are reserved.

Very truly yours,

Daniel Tepper

cc:   Samantha Katze, Esq.
      Plaintiffs' Executive Committee
      Plaintiffs' Liaison Counsel

807732