UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: FISHER-PRICE ROCK 'N PLAY SLEEPER MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 1:19-md-2903<br><br>This Document Relates To: ALL CASES |

**DEFENDANTS' FIRST EXPEDITED DISCOVERY MOTION**

Defendants Fisher-Price, Inc. and Mattel, Inc. (collectively, "Defendants") move to compel Plaintiffs' production of documents in response to Defendants' First Set of Consolidated Requests for the Production of Documents ("Requests") **Nos. 3, 4, 8, 11, 15, 18, and 19**. [Ex. A.] Despite the parties' meet and confer efforts, Court intervention is necessary. [Exs. B-E.]

**1.      Plaintiffs Have Refused to Produce Documents Relevant to Class Certification.** [*See* Exs. A, F.] **Request No. 8** seeks photographs or videos of Plaintiffs' children in the Rock 'n Play Sleeper ("RNPS"). [*Id*.] Such photographs and videos bear upon what the Court has described as the "limited class certification issue" relating to "subjective expectation[s] regarding the safety and use of the product" [Ex. G at 30:18-31:2]: each Plaintiff's understanding of advertising for the RNPS, their expectation for the product, how each specifically used the RNPS (for play, daytime sleep, overnight sleep), whether Plaintiffs used the RNPS as instructed, and the value they received from the RNPS, among other things. These facts are clearly relevant to the propriety of class certification, including whether each Plaintiff is an adequate representative, whether his or her claims are typical of the putative class, and whether common or individual questions predominate, including as they relate to reliance, materiality, and damages. Plaintiffs refuse to produce responsive documents and insist that asking questions at depositon would suffice. Deposition testimony alone will be insufficient;

photographic evidence is highly credible and memories are imperfect.  If deposition testimony sufficed for purposes of fact-finding, there would never been a need for document discovery.[1]

**Request No. 11** seeks documents sufficient to show any devices Plaintiffs used for their children's sleep from birth to one year.  [*See* Exs. A, F.]  Documents responsive to this Request bear directly upon the issue of Plaintiffs' expectations relating to the RNPS, Plaintiff's familiarity and use with other infant sleep products and how Plaintiffs conducted themselves with respect to their children's sleep, as discussed above.

**Request No. 15** seeks all documents referenced in Plaintiffs' complaint to determine if Plaintiffs themselves have copies of and/or reviewed such documents, and when they viewed the documents, if at all.  This is relevant to class certification as it goes directly to, among other things, each Plaintiff's knowledge and reliance and their adequacy and typicality.

**Request Nos. 18 and 19** seek documents sufficient to identify other cases in which Plaintiffs (1) are and/or have served as a class representative and (2) have been represented by their counsel in this action, which bears on whether Plaintiffs are adequate representatives.[2]

**2.      Plaintiffs Have Limited the Scope of Production for Requests Nos. 3 and 4.**

[*See* Exs. A, C, & F.]  **Request No. 3** seeks all documents concerning Plaintiffs' ownership of the RNPS.  **Request No. 4** seeks all documents or communications concerning Plaintiffs' use of the RNPS.  [*See* Exs. A, F.]  Plaintiffs have agreed to produce responsive documents, subject to their objections to Request Nos. 8 and 11.  [*See* Ex. C.]  For the same reasons discussed above for Request Nos. 8 and 11, Plaintiffs should produce all requested documents.

---

[1] Any privacy concerns Plaintiffs have can be properly dealt with by designating the documents as "CONFIDENTIAL" under the terms of the Protective Order. Plaintiff counsel's intransigence on this issue is highly suspect.

[2] *See, e.g.*, *In re J.P. Morgan Chase Shareholder Derivative Litigation*, Master File No. 08 Civ. 974, 2008 WL 4298588, at *7-10 (S.D.N.Y. Sep. 19, 2008) (finding that plaintiff was not an adequate representative where plaintiff was a "professional plaintiff" who was "demonstrably ignorant of the many lawsuits to which he ha[d] lent his name").

Dated: February 3, 2020

**MANATT, PHELPS & PHILLIPS, LLP**

BY: _____
   Craig J. de Recat
    Email: *cderecat@manatt.com*
   Matthew P. Kanny
    Email: *mkanny@manatt.com*
   Adrianne E. Marshack
    Email: *amarshack@manatt.com*
   11355 West Olympic Boulevard
   Los Angeles, CA 90064-1614
   (310) 312-4000

**Goldberg Segalla, LLP**
Cheryl A. Possenti
  Email: *cpossenti@goldbergsegalla.com*
65 Main Street
Buffalo, NY 14203
(716) 566-5400

Patrick B. Naylon
  Email: *pnaylon@goldbergsegalla.com*
2 State St., Suite 1200
Rochester, New York 14614
(585) 295-5400

Attorneys for Defendants
FISHER-PRICE, INC., and MATTEL, INC.

325757505