# Exhibit B

```
UNITED STATES  DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------x          19-MD-2903(GWC)
In Re:  Fisher-Price Rock 'n Play
Sleeper Marketing, Sales Practices,
and Products Liability Litigation

                                        Rochester, New York
                                        December 9, 2019
                                        10:09 a.m.

-----------------------------x
```

**STATUS CONFERENCE**

```
                    TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE GEOFFREY W. CRAWFORD
                  UNITED STATES DISTRICT JUDGE



    FOR PLAINTIFF:       WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
                         BY:  DEMET BASAR, ESQ.
                         BY:  DANIEL TEPPER, ESQ.
                         270 Madison Ave.
                         New York, New York 10016

    FOR PLAINTIFF:       CONNORS LLP
                         BY:  KATE G. HOWARD, ESQ.
                         1000 Liberty Building
                         Buffalo, New York 14202


    FOR DEFENDANT:       MANATT PHELPS & PHILLIPS LLP
                         BY:  CRAIG JOSEPH de RECAT, ESQ.
                         BY:  ADRIANNE ELIZABETH MARSHACK
                         695 Town Center Drive, 14th Floor
                         Costa Mesa, California 92626

    FOR DEFENDANT:       GOLDBERG SEGALLA, LLP
                         BY:  PATRICK B. NAYLON, ESQ.
                         Two State Street, Suite 1200
                         Rochester, New York 14614



    COURT REPORTER:      Diane S. Martens, FCRR, RPR
                         Rochester, New York 14614
```

| | | |
|---|---|---|
| 10:32AM | 1 | **THE COURT:** So if we could put some meat on the |
| | 2 | bones. Could you -- I think all of this relates to |
| | 3 | commonality type problems, gets expressed -- |
| | 4 | **MS. BASAR:** Correct. |
| 10:32AM | 5 | **THE COURT:** -- in different ways through the |
| | 6 | categories of the class action criteria. But, really, it has |
| | 7 | to do with common questions of fact. |
| | 8 | **MS. BASAR:** Sure. |
| | 9 | **THE COURT:** What are the arguments -- you're going |
| 10:32AM | 10 | to get -- and defendant's been very clear about this -- |
| | 11 | you're going to get everything that left the company and went |
| | 12 | out to the public. That's easy. |
| | 13 | What are the arguments about commonality that you |
| | 14 | need to make that you need the internal marketing memos for? |
| 10:32AM | 15 | **MS. BASAR:** Yes. We need to show that there are |
| | 16 | common questions about this -- |
| | 17 | **THE COURT:** Right. |
| | 18 | ==MS. BASAR:== ==-- that the products, that the== |
| | 19 | ==marketing statements were false or they were written in a way== |
| 10:32AM | 20 | ==that they were misleading or that they omitted material== |
| | 21 | ==facts.== ==In order to get -- to be able to show that there's== |
| | 22 | ==common evidence of that, we need to show that defendants knew== |
| | 23 | ==that the product was unsafe.== ==I mean, the whole underlying== |
| | 24 | ==theory of our case is --== |
| 10:33AM | 25 | ==**THE COURT:**== ==Right.== |

| | | |
|---|---|---|
|10:33AM|1|**MS. BASAR:** -- is that this product is unsafe for|
| |2|infant sleep, defendants knew about it and they had reason to|
| |3|know about it from the AAP guidelines, et cetera, and they,|
| |4|nonetheless, continued to sell it for ten years and continued|
|10:33AM|5|to make money from it.|
| |6|So, one element is to actually show that defendants|
| |7|knew that in order to show that their statements are false|
| |8|and misleading.|
| |9|The other thing we need to show which is extremely|
|10:33AM|10|important is materiality. Were their marketing statements|
| |11|material? The box said sleeper and the name of the product|
| |12|is the market -- is the Rock 'n Play Sleeper. We say that's|
| |13|material.|
| |14|The defendants indicated at the last hearing that|
|10:34AM|15|they're going to challenge that. They're going to challenge|
| |16|materiality based on how people interpret it, their marketing|
| |17|statements. Fine. We need to come forward with affirmative|
| |18|evidence not only to first make our case but to rebut their|
| |19|evidence.|
|10:34AM|20|So they will have, as your Honor's mentioning,|
| |21|market research studies concerning how people will --|
| |22|reasonable consumers -- will interpret their marketing|
| |23|statements and they will have internal documents showing, you|
| |24|know, how they wanted to position this product. Is it going|
|10:34AM|25|to be a sleeper for all night sleep or just sleep that's safe|

| | | |
|---|---|---|
| 10:39AM | 1 | **MS. BASAR:** But we need to present a full record to |
| | 2 | the Court and we, unfortunately, given the defendant's lack |
| | 3 | of cooperation, frankly, over the past month, if you're, if |
| | 4 | there is some kind of order that says, well, you know, just |
| 10:39AM | 5 | relating to marketing but since you're, once your -- with |
| | 6 | defendant's knowledge and scienter is, you know, has to be a |
| | 7 | common, what would be a common question, we believe based on |
| | 8 | our prior experience with the defendants over the past month, |
| | 9 | that they will take that to mean, okay, we don't need to give |
| 10:40AM | 10 | you any marketing materials -- |
| | 11 | **THE COURT:** Right. |
| | 12 | **MS. BASAR:** -- that could possibly show that, you |
| | 13 | know, defendants had knowledge that this product was unsafe. |
| | 14 | And the question of defectiveness. We used that word and we |
| 10:40AM | 15 | all were happy with that word. But this is not that kind of |
| | 16 | case. This is not a car that if it's defective and they |
| | 17 | agree that it's dangerously defective, that, you know, that |
| | 18 | would cover the a big part of the case. This is about a |
| | 19 | product that is unsafe for infant sleep. We say throughout |
| 10:40AM | 20 | the class period. We say it's unsafe for infant sleep when |
| | 21 | used as instructed with the restraints. |
| | 22 | **THE COURT:** Let me just keep focusing on your three |
| | 23 | issues. I understand what the record that you want on -- I |
| | 24 | call it scienter but it's probably the wrong word -- but |
| 10:41AM | 25 | state of mind of the company, materiality of the information |